UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| MAURICE UNDERWOOD and RENO MOVERS, LLC, | Case No. 3:12-cv-00533-MMD-VPC |
|---|---|
| Plaintiffs, | ORDER |
| v. | (Plfs.' Motion for Stay – dkt. no. 39) |
| ANDREW J. MACKAY, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Motion for Stay of Order and for Injunction Pending Appeal, filed on June 26, 2013. (Dkt. no. 39).

Per their own admission, Plaintiffs filed their Complaint to prospectively challenge what they allege to be unconstitutional requirements placed on their ability to secure a Certificate of Public Convenience and Necessity ("Certificate") to perform moving services in Nevada. Notwithstanding this pre-enforcement challenge, Plaintiffs then sought from the Court a temporary restraining order and a preliminary injunction to prohibit the State from initiating administrative proceedings relating to a citation issued to Plaintiffs for performing moving services without a Certificate. (*See* dkt. nos. 25, 26). Thus, while Plaintiffs' Complaint sought to challenge the Certificate process prospectively, Plaintiffs seek a stay to prevent enforcement of the Certificate rules that they appear to be violating during the pendency of the litigation.

On June 26, 2013, the Court granted Defendants' Motion to Dismiss on the grounds that Plaintiffs' case was not ripe. (*See* dkt. no. 38). In the same Order, the

Court denied Plaintiffs' motions for temporary and preliminary injunctive relief. (*Id.*). Plaintiffs filed this Motion seeking a stay of the Order and an injunction to stay Defendants' administrative proceedings that were the subject of Plaintiffs' injunctive relief motions. (*See* dkt. no. 39). Plaintiffs also filed a Notice of Appeal the following day. (Dkt. no. 40).

On July 1, 2013, the Court issued a minute order establishing July 4 as the deadline for Defendants to respond to Plaintiffs' Motion. On the same day, Plaintiffs filed an emergency motion with the Ninth Circuit to essentially seek the same relief. In their reply brief, Plaintiffs modified the relief requested in their Motion to ask this Court to enjoin the July 11, 2013, administrative hearing pending the Ninth Circuit's decision on their emergency motion and appeal. (*See* dkt. no. 47). As Plaintiffs have elected to seek emergency relief from both this Court and the Ninth Circuit, and consistent with Plaintiffs' Reply, the Court will construe this Motion as a request for a stay pending the Ninth Circuit's decision on the motion to stay before it.

Ordinarily, the filing of a notice of appeal divests a district court of jurisdiction over the matters being appealed. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). Federal Rule of Civil Procedure 62(c) codifies an exception to this basic principle: it allows a district court to "suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights" while an appeal is pending. Fed. R. Civ. P. 62; *Natural Res. Def. Council, Inc. v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (recognizing that a district court "retains jurisdiction during the pendency of an appeal to act to preserve the status quo"). "Rule 62(c) does not restore jurisdiction to the district court to adjudicate anew the merits of the case," and the "district court's exercise of jurisdiction should not materially alter the status of the case on appeal." *Mayweathers v. Newland,* 258 F.3d 930, 935 (9th Cir. 2001).

District courts consider four factors in ruling on Rule 62(c) motions: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). "The standard for evaluating stays pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983).

After considering these factors, the Court concludes that a Rule 62(c) injunction pending the Ninth Circuit's ruling on the emergency motion is appropriate. Although the Court denied Plaintiffs' injunctive relief requests on the grounds that Plaintiffs' unripe challenge could not demonstrate a likelihood of success on the merits, the Court is mindful that in the stay context, "petitioners need not demonstrate that it is more likely than not that they will win on the merits." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Since Plaintiffs demonstrated "a probability of success on the merits" and that "serious legal questions are raised" by virtue of this challenge, the Court holds that the first factor of the Rule 62(c) test is met. *See Abbassi v. I.N.S.*, 143 F.3d 513, 514 (9th Cir. 1998); *Leiva-Perez*, 640 F.3d at 967 (approving of the *Abbassi* formulation when determining stays pending appeal).

The remaining three factors weigh in favor of Plaintiffs. Plaintiffs will likely face irreparable harm in the absence of an injunction preserving the status quo. A stay of Defendants' administrative proceedings against Plaintiffs will not create undue hardship for Defendants, or for any potential interested third parties. Lastly, the public interest favors maintaining the status quo while Plaintiffs appeal this Court's Order. Only the administrative proceedings relating to the citation raised by Plaintiffs in their temporary restraining order and preliminary injunction motions is stayed; the State is not prevented from pursuing any additional enforcement action for violations of its motor carrier licensing laws. As a result, the last two factors of the Rule 62(c) analysis militate for a stay.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Stay of Order and for Injunction Pending Appeal (dkt. no. 39) is GRANTED.

IT IS FURTHER ORDERED that Defendants are enjoined from instituting any administrative proceedings against Plaintiffs relating to the Citation attached as Exhibit A to Maurice Underwood's Declaration. (*See* dkt. no. 27, exh. A). This stay will be in place only until the Ninth Circuit decides the stay request before it. As Plaintiffs concede the constitutionality of the Certificate requirement in general, the stay does not apply to any future citations that may be issued by the State, and does not prevent the State from otherwise enforcing its motor carrier licensing laws and regulations.

IT IS FURTHER ORDERED that Plaintiffs are to post a nominal bond in the amount of $100 because the evidence indicates that Defendants will suffer little, if any, damage by the issuance of this stay. *See Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999) (the requirement of a nominal bond amount was within the court's discretion where the court found that any cost to the government, in the event it was found to have been wrongfully enjoined, would be minimal and the case involved the public interest).

IT IS SO ORDERED.

DATED THIS 5th day of July 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE