1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                               DISTRICT OF NEVADA

8                                      * * *

9   MAURICE UNDERWOOD and RENO          Case No. 3:12-cv-00533-MMD-VPC
    MOVERS, LLC,
10
                       Plaintiffs,                    ORDER
11
         v.                             (Plfs.' Motion for Stay – dkt. no. 39)
12
    ANDREW J. MACKAY, et al.,
13
                       Defendants.
14

15          Before the Court is Plaintiffs' Motion for Stay of Order and for Injunction Pending

16   Appeal, filed on June 26, 2013. (Dkt. no. 39).

17          Per their own admission, Plaintiffs filed their Complaint to prospectively challenge

18   what they allege to be unconstitutional requirements placed on their ability to secure a

19   Certificate of Public Convenience and Necessity ("Certificate") to perform moving

20   services in Nevada. Notwithstanding this pre-enforcement challenge, Plaintiffs then

21   sought from the Court a temporary restraining order and a preliminary injunction to

22   prohibit the State from initiating administrative proceedings relating to a citation issued to

23   Plaintiffs for performing moving services without a Certificate. (*See* dkt. nos. 25, 26).

24   Thus, while Plaintiffs' Complaint sought to challenge the Certificate process

25   prospectively, Plaintiffs seek a stay to prevent enforcement of the Certificate rules that

26   they appear to be violating during the pendency of the litigation.

27          On June 26, 2013, the Court granted Defendants' Motion to Dismiss on the

28   grounds that Plaintiffs' case was not ripe. (*See* dkt. no. 38). In the same Order, the

1   Court denied Plaintiffs' motions for temporary and preliminary injunctive relief. (*Id.*).

2   Plaintiffs filed this Motion seeking a stay of the Order and an injunction to stay

3   Defendants' administrative proceedings that were the subject of Plaintiffs' injunctive relief

4   motions.  (*See* dkt. no. 39).   Plaintiffs also filed a Notice of Appeal the following day.

5   (Dkt. no. 40).

6          On July 1, 2013, the Court issued a minute order establishing July 4 as the

7   deadline for Defendants to respond to Plaintiffs' Motion.  On the same day, Plaintiffs filed

8   an emergency motion with the Ninth Circuit to essentially seek the same relief.  In their

9   reply brief, Plaintiffs modified the relief requested in their Motion to ask this Court to

10  enjoin the July 11, 2013, administrative hearing pending the Ninth Circuit's decision on

11  their emergency motion and appeal.  (*See* dkt. no. 47).   As Plaintiffs have elected to

12  seek emergency relief from both this Court and the Ninth Circuit, and consistent with

13  Plaintiffs' Reply, the Court will construe this Motion as a request for a stay pending the

14  Ninth Circuit's decision on the motion to stay before it.

15         Ordinarily, the filing of a notice of appeal divests a district court of jurisdiction over

16  the matters being appealed. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56,

17  58 (1982) (per curiam). Federal Rule of Civil Procedure 62(c) codifies an exception to

18  this basic principle: it allows a district court to "suspend, modify, restore, or grant an

19  injunction on terms for bond or other terms that secure the opposing party's rights" while

20  an appeal is pending. Fed. R. Civ. P. 62; *Natural Res. Def. Council, Inc. v. Sw. Marine,*

21  *Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (recognizing that a district court "retains

22  jurisdiction during the pendency of an appeal to act to preserve the status quo"). "Rule

23  62(c) does not restore jurisdiction to the district court to adjudicate anew the merits of the

24  case," and the "district court's exercise of jurisdiction should not materially alter the

25  status of the case on appeal." *Mayweathers v. Newland,* 258 F.3d 930, 935 (9th Cir.

26  2001).

27         District courts consider four factors in ruling on Rule 62(c) motions: "(1) whether

28  the stay applicant has made a strong showing that he is likely to succeed on the merits;

1   (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance

2   of the stay will substantially injure the other parties interested in the proceeding; and (4)

3   where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). "The

4   standard for evaluating stays pending appeal is similar to that employed by district courts

5   in deciding whether to grant a preliminary injunction." *Lopez v. Heckler*, 713 F.2d 1432,

6   1435 (9th Cir. 1983).

7           After considering these factors, the Court concludes that a Rule 62(c) injunction

8   pending the Ninth Circuit's ruling on the emergency motion is appropriate. Although the

9   Court denied Plaintiffs' injunctive relief requests on the grounds that Plaintiffs' unripe

10   challenge could not demonstrate a likelihood of success on the merits, the Court is

11   mindful that in the stay context, "petitioners need not demonstrate that it is more likely

12   than not that they will win on the merits." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th

13   Cir. 2011). Since Plaintiffs demonstrated "a probability of success on the merits" and that

14   "serious legal questions are raised" by virtue of this challenge, the Court holds that the

15   first factor of the Rule 62(c) test is met. *See Abbassi v. I.N.S.*, 143 F.3d 513, 514 (9th

16   Cir. 1998); *Leiva-Perez*, 640 F.3d at 967 (approving of the *Abbassi* formulation when

17   determining stays pending appeal).

18           The remaining three factors weigh in favor of Plaintiffs. Plaintiffs will likely face

19   irreparable harm in the absence of an injunction preserving the status quo. A stay of

20   Defendants' administrative proceedings against Plaintiffs will not create undue hardship

21   for Defendants, or for any potential interested third parties. Lastly, the public interest

22   favors maintaining the status quo while Plaintiffs appeal this Court's Order. Only the

23   administrative proceedings relating to the citation raised by Plaintiffs in their temporary

24   restraining order and preliminary injunction motions is stayed; the State is not prevented

25   from pursuing any additional enforcement action for violations of its motor carrier

26   licensing laws. As a result, the last two factors of the Rule 62(c) analysis militate for a

27   stay.

28

1    Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Stay of Order

2    and for Injunction Pending Appeal (dkt. no. 39) is GRANTED.

3    IT IS FURTHER ORDERED that Defendants are enjoined from instituting any

4    administrative proceedings against Plaintiffs relating to the Citation attached as Exhibit A

5    to Maurice Underwood's Declaration. (*See* dkt. no. 27, exh. A). This stay will be in place

6    only until the Ninth Circuit decides the stay request before it. As Plaintiffs concede the

7    constitutionality of the Certificate requirement in general, the stay does not apply to any

8    future citations that may be issued by the State, and does not prevent the State from

9    otherwise enforcing its motor carrier licensing laws and regulations.

10    IT IS FURTHER ORDERED that Plaintiffs are to post a nominal bond in the

11    amount of $100 because the evidence indicates that Defendants will suffer little, if any,

12    damage by the issuance of this stay. *See Barahona-Gomez v. Reno*, 167 F.3d 1228,

13    1237 (9th Cir. 1999) (the requirement of a nominal bond amount was within the court's

14    discretion where the court found that any cost to the government, in the event it was

15    found to have been wrongfully enjoined, would be minimal and the case involved the

16    public interest).

17    IT IS SO ORDERED.

18    DATED THIS 5th day of July 2013.

19

20

21    MIRANDA M. DU
      UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

4